STATE EX REL. BENTLEY V. ALBERT E. AKINS, AUDITOR.

COMPENSATION OF JURY IN PROCEEDINGS UNDER SEC. 3718a, REV. STAT.

> In a prosecution before a justice of the peace under sec. 3718a, Rev. Stat., to prevent the adulteration of food, etc., the jury therein provided for are entitled to a compensation of two dollars per day.

MANDAMUS.

MARVIN, J.

The state of Ohio on the relation of Emanuel J. Bentley against Albert E. Akins as Auditor, etc., is a proceeding in mandamus, to require the county auditor to issue an order to pay the relator two dollars per day for his services as a juror before a justice of the peace in a prosecution under the statute to prevent adulteration of food and drink and the adulteration, etc., of dairy products.

The provisions of sec. 3718a Rev. Stat. are that "Any justice of the peace, within his county and city, police judge or mayor of any city or village, within his city or village, shall have jurisdiction in cases of violation of the laws to prevent adulteration of food and drink, the adulteration and deception in the sale of dairy products, and drugs and medicines, and any violation of the law for prevention of cruelty to animals, or under sec. six thousand nine hundred and eighty-four of the Rev Stat., or sec. six thousand nine hundred and eighty-four (a) thereof, as herein enacted." Then it provides that if such prosecutions be before a justice of the peace and a trial by jury be not waived, such trial shall be before a jury of twelve men; the justice of the peace may summon, as jurors, citizens of the county in which the prosecutions shall take place,—any citizens of the county (according to the statute) in which the prosecution is instituted; twelve men shall constitute the jury;—and there is nothing in the section, which provides the compensation to be paid to the jurors.

We shall not be able to enlighten counsel who are in this case, on the law, excepting to the extent of pronouncing what we have concluded is the rule to be applied. The counsel on both sides have called attention to all there is on the subject; the statutes provide for the fees of jurors in various cases, and they provide, in the trial of civil cases, for a compensation of seventy-five cents per day for jurors before a justice of the peace, but they are providing for those jurors who constitute a jury of six men and not that jury made up of the patriarchal and apostolic number of twelve, as Blackstone puts it,—the constitutional jury.

The jury, provided for in this act, is clearly a distinct and different jury from that provided for in any of the statutes in which the compensation is fixed, for services before justices of the peace.

A justice of the peace, trying this case, has final jurisdiction; a judge of the police court has final jurisdiction of the case before him; and the mayor of a village, before whom such case is tried, has final jurisdiction.

Section 6705, Rev. Stat. provides that "The provisions of title one of part third of the Revised Statutes, which are in their nature applicable to the proceedings before justices, and in respect of which no special pro-

vision is made in this title, are applicable to the proceedings before justices of the peace." Section 5182, Rev. Stat., under the title, "Compensation of Jurors," provides that the juror shall have two dollars per day.

And so far as counsel have found, there is no provision, if this is not the provision, as to what compensation these jurors shall have.

We have concluded to give the jurors the benefit of the doubt, and we hold that the compensation to be allowed the juror is two dollars per day and we grant the prayer of the petition.

*Wm. E. Patterson*, for plaintiff.

*P. H. Kaiser*, county solicitor, for defendant.